**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Criminal No.  07-190 (JDB)** |
| **v.** | **:** | |
| | **:** | |
| **JERMAINE L. GRIFFIN** | **:** | |
| | **:** | **Motions Hearing Date: October 29, 2007** |
| **Defendant.** | **:** | |

**GOVERNMENT'S NOTICE OF INTENT TO IMPEACH DEFENDANT WITH HIS**
**PRIOR CONVICTION PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies the defendant and the Court of its intent to impeach the defendant, should he choose to testify, with a prior conviction, pursuant to Fed. R. Evid. 609. In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

I. Background

The defendant is currently charged  with Possession With Intent to Distribute Fifty Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  On September 10, 1999, the defendant was convicted in the Superior Court of the District of Columbia of Felony Threats to Injure a Person, in case number 1997-FEL-009997.  The defendant served a sentence of three to nine years' incarceration.  Should the defendant choose to testify in the trial of the instant case, the government intends to introduce evidence of his previous conviction, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

II. Fed. R. Evid. 609(a)(1)

"[E]vidence that an accused has been convicted" of a crime punishable by more than one

years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial

effect." Fed. R. Evid. 609(a)(1). The defendant has been convicted of one such crime: Felony

Threats to Injure a Person. This Court should permit the use of that conviction to impeach the

defendant because its probative value outweighs any prejudicial effect. United States v.

Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

In Lipscomb, the D.C. Circuit Court of Appeals held that "all felony convictions are

probative of credibility to some degree." Id. at 1062. The charge in this case arises from a traffic

stop where officers observed crack cocaine in plain view in the vehicle in which the defendant

was the sole occupant. Following a search of the vehicle incident to the defendant's arrest,

approximately 400 grams of crack cocaine were recovered from the center console of the vehicle.

Approximately 78 of those grams of crack cocaine were packaged into saleable "eight-ball"

portions, secreted in a false soda can. Here, the defendant's prior conviction will be probative

because the defendant's credibility regarding any explanation for the presence of the drugs and

their packaging that were recovered in his vehicle, will be a central issue should he choose to

testify. Id. at 1062. The probative value of the defendant's prior conviction is, therefore, quite

high. Moreover, the defendant's prior conviction for Felony Threats to Injure a Person is

especially probative in that it is evidence of a deliberate, planned offense that demonstrates a

conscious disrespect for the law, and consequently for the oath taken by witnesses and for the

judicial proceedings.

With respect to the prejudice prong of the analysis, the Court of Appeals recognized that,

while all impeachments with a prior conviction involve some prejudice, the operative question is "how much." Id. Here, the prejudicial effect of using this conviction for impeachment is outweighed by its probative value.

Moreover, in United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980), the Court of Appeals also stated that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id.


WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use the defendant's prior conviction for impeachment purposes.


                                       Respectfully submitted,


                                        JEFFREY A. TAYLOR
                                        United States Attorney
                                        D.C. Bar Number 498610


BY:                              /S/
                                         EDWARD A. O'CONNELL
                                         Assistant United States Attorney
                                         D.C. Bar Number 460233
                                         Organized Crime and Narcotics Trafficking Section
                                         555 Fourth Street NW
                                         Room 4122
                                         Washington, DC 20530
                                         (202) 514-6997
                                         Fax: (202) 514-8707
                                         Edward.O'Connell@usdoj.gov