UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-190 (JDB) |
| v : | |
| : | Trial date: 28 January 2008 |
| JERMAINE L. GRIFFIN : | |

**MEMORANDUM SEEKING**
**JUDICIAL NOTICE OF D.C. CODE § 50-2207.02**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following Memorandum on Admissibility seeking judicial notice of D.C. Code § 50-2207.02, pursuant to which a motor vehicle may not be operated on the streets of Washington D.C. with front windshields that allow less than seventy percent light transmittance. As grounds for this motion, the United States relies on the following points and authorities:

**Background**

The defendant is charged in single count indictment of Unlawful Possession with Intent to Distribute 50 Grams or more of Cocaine Base, in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A)(iii). The charges stem from a traffic stop of the defendant on July 10, 2007. As the Court heard at the motions hearing on October 29, 2007, Officer Sean D'Augustine of the United States Park Police, received information from a confidential source that the defendant was selling drugs out of a silver Chevy Tahoe bearing license plate BX8821, and that there was crack cocaine concealed in a 7-Up can inside the vehicle. At trial, the Government does not plan to adduce any testimony regarding information provided by this confidential source.

Rather, the Government will adduce only that Office D'Augustine observed the Chevy Tahoe and had reason to believe the operator was in violation of D.C. Code § 50-2207.02. Many jurors may

not be familiar with this law regarding the prohibition of tinted windows. Admission of this law is necessary for the fact-finder to understand that a legitimate basis existed upon which this traffic stop was effected. To that end, the Government requests the Court provide the jury with a copy of D.C. Code § 50-2207.02 and the following instruction at the appropriate time:

It is the law in the District of Columbia that motor vehicles may not be operated or parked upon public streets with a front windshield or front side windows that allow less than 70% light transmittance. Law enforcement officers are entitled to stop motor vehicles to determine whether a violation of this law has occurred.

## Argument

Judicial notice of the District of Columbia statute, D.C. Code § 50-2207.02, should be granted pursuant to well-established precedent. The notion that federal courts take judicial notice of the laws of the states is well settled. Lamar v. Micou, 114 U.S. 218, 223 (1885)("The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof."); Jannenga v. Nationwide Life Insurance Co., 288 F.2d 169, 171 (C.A.D.C. 1961)("This court has stated that federal courts 'will' take judicial notice of the law of the several states whether pleaded or not.")(citing Boland v. Love, 222 F.2d 27, 31, 95 U.S.App.D.C. 337, 340(1955)).

In this case, the Court should take judicial notice of D.C. Code § 50-2207.02. The statute was promulgated in 1994 and was amended most recently in 2005, primarily to address how notices shall be served on violators and how one must answer such notices.

Respectfully submitted,

Jeffrey A. Taylor
United States Attorney
D.C. Bar Number 498610

2

By: _____//s//_____
Eric P. Gallun
Assistant United States Attorney
D.C. Bar Number 462025
Organized Crime and Narcotics Trafficking Section
555 Fourth Street, NW
Room 4122
Washington D.C. 20530
202/514-6997
Fax: 202/514-8077
Frederic.Gallun@usdoj.gov