## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No: 07-190 (JDB)** |
| | **:** | |
| **JERMAINE GRIFFIN** | **:** | |

## PROPOSED JURY INSTRUCTIONS

Defendant, JERMAINE GRIFFIN, by and through his undersigned counsel, Frances M.

D'Antuono, Esquire, hereby requests the following jury instructions in the above-captioned

matter.  Mr. Griffin respectfully reserves the right to add to or amend his final jury instruction

requests depending upon the evidence presented at trial and to submit a defendant's theory of the

case instruction at the close of trial. All citations are to the Red Book Criminal Jury Instructions

unless otherwise noted.


**Preliminary  Instructions:**

1.02        Note Taking by Jurors

1.03        Preliminary Instruction Before Trial

1.04        Stipulation of Fact

1.05        Cautionary Instruction Prior to First Recess

1.07        Questions Not Evidence

1.08        Expert Testimony

1.21        Preliminary Instruction to Jury Where Identity of Alternates is not Disclosed

1.22        A Juror's Recognition of a Witness or Other Party Connected to the Case

2.01            Function of the Court

2.02            Function of the Jury

2.03            Jury's Recollection Controls

2.04            Evidence in Case - Stipulations

2.05            Statements of Counsel

2.06            [READ OR SUMMARIZE THE INDICTMENT] *and* Indictment Not Evidence

2.07            Inadmissible and Stricken Evidence (if applicable)

2.08            Burden of Proof- Presumption of Innocence

2.09            Reasonable Doubt

2.14            Nature of the Charges


**Final Jury Instructions**

2.01            Function of the Court

2.02            Function of the Jury

2.03            Jury's Recollection Controls

1.02            Note Taking by Jurors

2.04            Evidence in the Case

2.05            Statements of Counsel

1.07            Questions not Evidence

2.06            Indictment Not Evidence

2.07            Inadmissible and Stricken Evidence

2.08            Burden of Proof; Presumption of Innocence

2

2.09            Reasonable Doubt (as the Government has requested it in its submission)

2.10            Direct and Circumstantial Evidence

2.11            Credibility of Witnesses

2.13            Number of Witnesses

2.14            Nature of the Charges Not to be Considered

1.10 and 1.11   Evaluation of Prior Consistent and Inconsistent Statements

2.26            Police Officer's Testimony

1.08            Expert Testimony

2.27            Failure of Defendant to Testify

2.71            Election of Foreperson

2.72            Unanimity of Verdict

2.73            Exhibits During Deliberations

2.74            Possible Punishment Not Relevant

2.75            Communications between Court and Jury During
                Deliberations

2.76            Furnishing the Jury with a Copy of the Instructions

4.29            Possession With Intent – Modified; See below


**Charge:**

I.      <u>Possession of a Controlled Substance with Intent to Distribute- 50 grams or more of
        Cocaine Base</u>

        The defendant is charged in the indictment with unlawful possession of a controlled
substance with the intent to distribute, specifically 50 grams or more of cocaine base.  The
essential elements of possession of a controlled substance with intent to distribute, each of which
the government must prove beyond a reasonable doubt, are:

3

1.      That the defendant possessed a controlled substance, specifically cocaine base;
2.      That the defendant possessed the controlled substance knowingly and intentionally.  This means consciously, voluntarily, and on purpose, not mistakenly, accidentally or inadvertently.

The law makes cocaine base a controlled substance.  You must decide whether the material in question was cocaine base and whether the quantity was 50 grams or more of cocaine base.  In doing that, you may consider all evidence that may help you, including exhibits and expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed with the intent to distribute a detectable amount of cocaine base.

To establish the second element of the offense, you must determine that the defendant possessed the cocaine base knowingly and voluntarily.

HERE READ  3.08 Defining Possession, 37.13 DB  "Knowingly" Defined, and 3.02   State of Mind.

3.      That when the defendant possessed the controlled substance, he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.
4.      That the defendant knowingly, voluntarily and intentionally possessed 50 grams or more of the cocaine base.

**Closing Instructions**

2.71         Election of Foreperson

2.72         Unanimity of Verdict

2.73         Exhibits During Deliberations

2.75         Communications between Court and Jury During Deliberations

2.76            Furnishing the Jury with a Copy of the Instructions


        WHEREFORE, the Defendant respectfully requests that the foregoing instructions be
read to the jury in this case, and such other and further instructions as may be applicable and
appropriate upon completion of then evidence in this trial.  .

                            Respectfully submitted,

            BY:    _____
                    Frances M. D'Antuono
                    Unified Bar No. 3581141

                    218 7th Street, S.E.
                    Washington, D.C. 20003
                    (202) 544-6332 (0); (202) 907-6332 (cell)
                    Fax: (202) 544-6332
                    fdantuono@msn.com