UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No.  07-CR-190 (JDB) |
| | : | |
| **JERMAINE GRIFFIN** | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits its memorandum in aid of sentencing.  In support of the position taken herein, the United States proffers the following points and authorities, as well as any others that may be cited at the sentencing hearing in this matter.

*Discussion*

*The Defendant's Criminal Conduct*

The facts, established at trial beyond a reasonable doubt, are as follows:  On July 10, 2007, at approximately 11:56 a.m., Officer Sean D'Augostine of the United States Park Police was on patrol in the Columbia Heights neighborhood of Northwest Washington, DC, when he encountered a silver colored Chevrolet Tahoe with excessively tinted windows, bearing District of Columbia license tag BX-8821.  That Tahoe  was being operated by the defendant near the intersection of Fourteenth Street and Perry Place NW.

As Officer D'Augostine approached the driver's side of the Tahoe and made contact with the defendant, the driver and sole occupant of the Tahoe, Officer D'Augostine noticed that the

defendant displayed signs of nervousness, including shaking hands and an elevated heart rate that was evident from his visibly pulsating carotid artery. Office D'Augostine asked the defendant for his license and registration. As the defendant reached into the Tahoe's glove compartment, Officer D'Augostine observed on top of the Tahoe's center console, small rocks of what Officer D'Augostine immediately recognized to be crack cocaine.

After the defendant produced his driver's license and registration, Officer D'Augostine had the defendant exit the Tahoe. Officer D'Augostine, and other officers then searched the Tahoe. Beneath the cup holder of the center console, officers discovered a large chunk of what appeared to be crack cocaine wrapped in a clear plastic bag. Next to that bag, officers discovered another, black plastic bag, containing multiple large chunks of what appeared to be crack cocaine. Also discovered between the center console and the front passenger seat was a 7-Up soda can. The can's lid had been altered so that it could be removed. Inside of the can officers discovered 15 rocks of crack cocaine individually wrapped in plastic. From the size and packaging of these 15 rocks, the officers recognized them to be typical of saleable amounts of crack cocaine known as "eight-balls."

Also found in the Tahoe was $980.00 in cash recovered from the center console, and several documents, including a District of Columbia Department of Motor Vehicles registration certificate for the Tahoe, two Geico Insurance policy identification cards, one listing the defendant as a driver of the Tahoe, a receipt from the Jiffy Lube in Forestville, Maryland, listing the defendant as the customer who had service done on the Tahoe on July 9, 2007, and two receipts in the defendant's name from Flair Cleaners in Capitol Heights, Maryland, dated July 3, 2007.

The defendant was placed under arrest and taken into custody. A search of the defendant's

person incident to his arrest recovered an additional $414.00 in currency found in the defendant's right rear pants pocket.

A test of the window tint of the Tahoe's driver's side window revealed only 16% light transmittance. The defendant was issued a notice of infraction for this violation. All of the suspected narcotics were field tested and gave positive reactions for cocaine. The suspected crack cocaine was submitted to the DEA's Chemistry Laboratory, which confirmed that the suspected substances were indeed cocaine base. In total, the crack cocaine weighed 416.5 grams, with an approximate street value of $40,000.00.[1]

*Procedural Background*

On August 7, 2007, the Grand Jury handed up a one count indictment charging the defendant with Unlawful Possession With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). On August 21, 2007, the defendant was arraigned and entered a plea of not guilty. The defendant was brought to trial beginning on January 28, 2008. Following a three day jury trial, the defendant was found guilty of the sole charge of the indictment.

---

[1] Pertinent facts were withheld from the jury, but presented to the Court during a hearing on the defendant's motion to suppress evidence. Specifically, while on patrol in that area, Officer D'Augostine received a call from a reliable confidential source. The source informed Officer D'Augostine that an individual who was in a silver colored Chevrolet Tahoe bearing District of Columbia license tag BX-8821, was in possession of cocaine that was concealed in a 7-Up soda can. The source also told Officer D'Augostine that the Tahoe was then in the area of the intersection of Fourteenth Street and Perry Place NW. When Officer D'Augostine received this information, he was close enough that he could see that vehicle. Moreover, Officer D'Augostine noticed that the Tahoe had excessively tinted windows. Within seconds of receiving the information from the source, Officer D'Augostine came upon the Tahoe, activated his emergency equipment and initiated a traffic stop on that vehicle in the 1300 block of Perry Place NW. The Court denied the defendant's motion to suppress, and accepted these facts, as presented through Officer D'Augostine's testimony, as the reason for the traffic stop of the defendant.

*The Defendant's Guidelines Range*

The defendant's total offense level for this offense is 32. As the defendant elected to proceed to trial, he is not entitled to any downward adjustments in the calculation of his offense level. The defendant's criminal history places him in Category III. Accordingly, the defendant's guideline range calls for a period of imprisonment from 151 to 188 months. Moreover, the offense for which the defendant has been convicted, Unlawful Possession of Fifty Grams or More of Cocaine Base, bears a statutory minimum term of imprisonment of ten years. See 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).

*Recommendation*

The Court is required to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant, and provides the defendant with needed educational or vocational training, medical care or other corrective treatment in the most effective manner. See 18 U.S.C. § 3553(a).

The government concurs with the recommendation of the United States Probation Office, that a sentence of one hundred and eighty months adequately addresses the sentencing factors spelled out in § 3553(a). In this case, despite the fact that the defendant called a number of witnesses who attempted to imply that people other than the defendant regularly drove and had access to the Tahoe, the jury found that the defendant was in possession of an amount of crack cocaine in excess of 400 grams. Moreover, the defendant committed the instant offense less than two years following his release from custody in a previous conviction. The defendant's criminal

history, which is significant, includes convictions for similar offenses. All of these factors call for a term of imprisonment towards the higher end of the defendant's guidelines range. A sentence of one hundred and eighty months provides sufficient punishment and deterrence to the defendant, promotes respect for the law, and protects the public from further criminal behavior from the defendant. Additionally, the other §3553(a) factors, regarding the defendant's vocational and educational needs, would also be met by the government's recommended sentence.

**WHEREFORE**, the United States respectfully moves that the Court to impose a sentence of one hundred and eighty months' incarceration followed by five years of supervised release and a special assessment of $100, to be paid to the Clerk of the Court.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By:          / S /
EDWARD A. O'CONNELL
Assistant United States Attorney
D.C. Bar No. 460-233
555 Fourth Street NW
Room 3814
Washington, DC  20530
(202) 514-7505
(fax) (202) 514-8786